SOVEN, J.
I concur in the result but disagree that “as a matter of law
. . . the LAUSDPD is a child protective agency . . . .” (Ante, p. Supp. 38.) The Legislature defined child protective agency as a “police or sheriff’s department, a county probation department, or a county welfare department.” (Pen. Code, § 11165, subd. (k).) The Legislature authorized school districts to establish either a “security department” or a “police department,” but then stated that the “department shall be supplementary to city and county law enforcement agencies and shall under no circumstances be vested with general police powers.” (Ed. Code, § 39670.)[1] Given this limitation, it would distort legislative intent to construe the Child Abuse Reporting Act to permit a school teacher or school official to treat that district’s “security department” or “police department” as an appropriate reporting agency for instances of child abuse.
Moreover, nothing in the Child Abuse Reporting Act suggests that reports of child abuse occurring in schools can be kept “in house” by the simple expedient of reporting the suspected instance to the school police *Supp. 42 department. The thrust of Penal Code section 11166 is to assure that reports do not remain within the system. “The reporting duties under this section are individual, and no supervisor or administrator may impede or inhibit the reporting duties,” but “internal procedures . . . may be established provided that they are not inconsistent with the provisions of this article. (Pen. Code, § 11166, subd. (f).)
The issue is not, as the majority opinion suggests, who has the computer but whether reporting to a department directed by the school district superintendent (Ed. Code, § 39670) satisfies the goal of transmitting information to an outside agency, either one with general police powers or one whose functions encompass the protection of minors, such as a probation department or a welfare department. (Welf. & Inst. Code, §§ 215, 272.)
On the facts of this case, however, I would conclude that the evidence is insufficient to show that defendant failed to comply with the reporting requirements. The People do not contend that defendant’s report was unduly delayed or otherwise insufficient, but that defendant, simply, did not report. It is true that defendant personally did not report to a child protective agency; he, however, did report to his district’s police department, and that department reported to a child protective agency. Nothing in the Child Abuse Reporting Act compels the person who has a duty to report to personally place a telephone call. The legal obligation to report is assignable only as provided in Penal Code section 11166, subdivision (e), but the mechanics of forwarding information by telephone are not specified in the act.
Defendant was lucky; his school police department acted promptly, and although that department was not a child protective agency, someone in that department did report to the Los Angeles Police Department. On the facts of this case, defendant complied with the Child Abuse Reporting Act. I would decide no more.

 While sheriffs and police officers are “peace officers” without qualifications (Pen. Code, § 830.1), persons employed by school district police departments are grouped with such persons as the Legislature’s sergeants at arms, Supreme Court bailiffs, and the Treasurer’s office guards and messengers. The peace officer powers of school district police are generally limited to school property. (Pen. Code, § 830.5; Ed. Code, § 39671.)